# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROSALIND BACON, | ) |
| Plaintiff, | ) |
| v. | ) CV419-308 |
| MICHAEL WHITAKER, *et. al.*, | ) |
| Defendant(s). | ) |

## REPORT AND RECOMMENDATION

Rosalind Bacon, proceeding *pro se* and *in forma pauperis*, brings this Complaint alleging violations of the Americans with Disabilities Act (ADA). Doc. 1. The Court must now screen the Complaint pursuant to 28 U.S.C. § 1915(e), which requires the dismissal of a complaint that fails to state at least one actionable claim.[1] As Plaintiff's pleadings fail to state a claim upon which relief may be granted, the claims should be **DISMISSED**.

Plaintiff alleges that during hurricane Dorian, a mandatory evacuation order was issued for Chatham County, Georgia, in which she

---

[1] The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

lives. Doc. 1-3 at 1. As she suffers from a condition that causes seizures and brain aneurysms, plaintiff was unable to drive and relied upon defendant Chatham Emergency Management Agency ("CEMA") to transport her out of the evacuation area. *Id.* Despite having made the necessary arrangements, CEMA failed to provide the requested transportation. *Id.* Plaintiff was informed that she was not provided with transportation due to an oversight by a CEMA staff member that was grieving the loss of her husband. Doc. 1-3 at 1.

Plaintiff bases her claim for relief on Titles II and III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12132, *et. seq.* (respectively, "Title II" and "Title III").[2] Title II prohibits discrimination by public entities. Title III provides a similar prohibition to private entities providing public accommodations. As an initial matter, in so far as plaintiff seeks to sue the individual employees of CEMA, Title II does not allow for individual capacity liability. *See Edison v. Douberly*, 604 F3.d 1307, 1309 (11th Cir. 2010) (only public entities are liable for violations under Title II of the ADA). Where a claim is brought against

---

[2] Plaintiff also identifies the Medicare Act (42 U.S.C. § 1395 *et seq.*) as a basis for her claims. The Court can discern no cause of action arising from this statute. As such, any claims under the Medicare Act should be **DISMISSED**.

an individual operating in their official capacity, the Court considers the claim to have been brought against the public entity. *See Monell v. Dept. of Soc. Sec. of City of New York*, 436 U.S. 658, 690, n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *see also Timmons v. Martin*, 2019 WL 6339922 at *4 (S.D. Ga. Nov. 1, 2019) ("a suit against Defendants acting in their official capacities, is in essence, a suit against a "public entity"). The Court understands the individual plaintiffs to be employees of the Chatham County Department of Health and defendant CEMA. Accordingly, all Title II claims against individual defendants should be **DISMISSED**.

Similarly, individual liability under Title III has typically been recognized only against individuals that are in positions of control over an accommodation that is denied to the plaintiff. *See Hoang v. DeKalb Housing Authority*, 204 WL 1028926 at *3 (N.D. Ga. Mar. 19, 2014) (discussing cases recognizing individual liability under Title III). This does not appear to be the case for any of the individuals named by plaintiff. Therefore, all Title III claims against individual defendants should be **DISMISSED**.

Turning to the remaining defendants, the ADA is intended "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Claims under both Title II and Title III require an allegation that the discrimination or denial be connected to the plaintiff's disability. *See McCullum v. Orlando Regional Healthcare Sy, Inc.*, 768 F.3d 1135, 1146–47 (11th Cir. 2014) ("To prevail on a claim for compensatory damages under . . . the ADA, a plaintiff must show that a defendant violated his rights under the statutes and did so with discriminatory intent."); *see also Owens v. Sec'y of State, Fla. Dept. of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (an element of a Title II claim is that "that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability."); *Price v. City of Ocala, Fla.*, 375 F.Supp.3d 1236, 1269 (M.D. Fla. 2019) (an element of a Title III claim is full and equal enjoyment of a public accommodation be denied "on the basis of disability"). Plaintiff has sufficiently alleged that she is a qualified individual with a disability, 42 U.S.C. § 12102(1)(A) ("a physical or mental impairment that substantially limits one or more major life activities of such individual"), as her seizures prevent her from

performing normal activities, like driving herself, 42 U.S.C. § 12102(2)(A) ("major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."). She has not, however, alleged that her disability was the reason that defendant did not provide transportation. In fact, the only cause suggested in the complaint is human error related to a grieving CEMA Registry staff member. As plaintiff fails to state a claim under Title II of the ADA on which relief can be granted, these claims should be **DISMISSED**.[3]

Unlike Title II, Title III prohibits discrimination by private entities in places of public accommodation. *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006) ("Title III [of the ADA] prohibits discrimination by private entities in places of public accommodation."). In addition to requiring a qualifying disability and

---

[3] Even if the named individuals were proper defendants, the injunctive relief plaintiff seeks is not an appropriate remedy. Plaintiff's alleged injury was the result of a single act of negligence. She has not claimed that the failure to evacuate disabled individuals was a systematic problem, nor she is under an immediate threat of a future negligent act. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (as plaintiff was under no immediate threat that the alleged violation of rights would be repeated, denial of injunctive relief was not appropriate.).

discriminatory act, plaintiff must also allege that "defendant owns, leases, or operates a place of public accommodation." *See Thornton v. Hosp. Mgmt. Assoc., Inc.*, 787 F. App'x 634, 639–40 (11th Cir. 2019) (Title III claims require that defendant "owns, leases, or operates a place of public accommodation."); *see also* 42 U.S.C. § 12181(7)(B) (enumerating various types of businesses and structures that qualify as a "public accommodation."). As with her Title II claims, plaintiff has not alleged a discriminatory act. Furthermore, in bringing suit only against public entities and their employees, plaintiff has failed to identify a private entity, as is the focus the that Title III. 42 U.S.C. § 12182(a); *see also* Department of Justice, ADA TITLE II TECHNICAL ASSISTANCE MANUAL, § II-1.3000 ("Public entities are not subject to title III of the ADA, which covers only private entities."). She has also not alleged that she was denied a public accommodation. 42 U.S.C. § 12181(7) ("public accommodations" include places of lodging, dining, entertainment, public gathering, retail and commerce, education, public transportation stations, and social service center establishments, "if the operations of such entities affect commerce[.]"). Therefore, plaintiff's Title III claims should also be **DISMISSED**.

Finally, Plaintiff references potential negligence claims under Georgia state law. Doc. 1-3 at 1. Since the Court determines that no viable federal claims exist in this case, the Court should decline to exercise supplemental jurisdiction over any state claims which could arguably remain. *See* 28 U.S.C. § 1367(c) (allowing a court to "decline to exercise supplemental jurisdiction" where all "claims over which it has original jurisdiction" have been dismissed). Therefore, any claims against any defendants sounding in negligence should be **DISMISSED**. Plaintiff is, of course, free to pursue these claims in state court.[4]

In short, plaintiff's Complaint should be **DISMISSED** for failure to state a claim.[5] This Report and Recommendation (R&R) is submitted to

---

[4] Plaintiff specifically cites to the Georgia Disabled Adults and Elder Persons Protection Act (O.C.G.A. § 30-5-1, *et. seq.*). Doc. 1-3 at 1. The Court notes that this statute provides protective services for elderly and disabled individuals. It does not provide for civil liability for negligence.

[5] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins*, 620 F. App'x 709 at 711. That's the case here. Plaintiff cannot plead any set of facts which would allow her claims to proceed and do not appear amendable.

the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. **Within 14 days of service**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA